UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON A. VEGA,

                              Plaintiff,

         v.                                                     9:22-CV-0377
                                                                        (BKS/DJS)

CORRECTIONS OFFICER C,

                              Defendant.
_____

APPEARANCES:

JASON A. VEGA
Plaintiff, Pro Se
19-A-4109
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051


BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

       Plaintiff Jason A. Vega commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application"); Dkt. No. 4 ("Motion for Counsel").[1] By Decision and Order filed on

---

[1] By Order entered on April 25, 2022, plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 5. Thereafter, plaintiff filed his IFP Application and the Clerk was directed to reopen this action and restore it to the Court's active docket. *See* Dkt. Nos. 6, 7.

July 1, 2022, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Eighth Amendment excessive force claim against Corrections Officer C survived sua sponte review and required a response. Dkt. No. 8 ("July 2022 Order").[2] Because service could not be effectuated on unidentified defendant, the Court also directed the Clerk to send a copy of the complaint and the July 2022 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full name of Corrections Officer C. *Id*. at 21-22.

On August 2, 2022, an Assistant Attorney General from the New York State Attorney General's Office filed a letter providing information regarding the potential identity of defendant Corrections Officer C. *See* Dkt. No. 9 ("Status Report"). By Text Order filed on August 8, 2022, plaintiff was directed to review the Status Report and, to the extent he was able to do so, submit a proposed amended complaint which substitutes the named defendant in place of Corrections Officer C, and makes any other corrections necessary. *See* Dkt. No. 10.[3]

Presently before the Court are the following: (1) a letter from plaintiff detailing "hardship[s]" he has experienced at his current facility, which has been docketed as a letter motion for injunctive relief, Dkt. No. 11 ("Hardship Letter"); and (2) plaintiff's amended

---

[2] Plaintiff's Section 1983 claims asserted against the named defendants in their official capacities were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and his remaining Section 1983 claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See* July 2022 Order at 22-23. Plaintiff's Motion for Counsel was also denied without prejudice. *Id*. at 23.

[3] In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk was directed to send plaintiff a copy of his original complaint. *See* Dkt. No. 10.

2

complaint, Dkt. No. 14 ("Am. Compl").

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

### A. The Original Complaint and July 2022 Order

In his complaint, plaintiff asserted allegations of wrongdoing that occurred in December, 2021, while he was incarcerated at Greene Correctional Facility, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See generally* Compl. The complaint was construed to assert the following claims: (1) a First Amendment retaliation claim against Corrections Sergeant N; (2) Eighth Amendment excessive force claims against Corrections Officer C, Corrections Sergeant N, and DOCCS Commissioner Annucci; (3) an Eighth Amendment medical indifference claim against Dr. S; and (4) a Fourteenth Amendment due process claim against Corrections Sergeant N. *See generally*, July 2022 Order.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court found that only plaintiff's Eighth Amendment claim against Corrections Officer C survived sua sponte review. *See* July 2022 Order at 22.

### B. Plaintiff's Failure to Sign the Amended Complaint

Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading. . . must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Moreover, Rule 10.1(c)(2) of the Local Rules of Practice of this District requires that all documents submitted to the Court include the original signature of the attorney or the pro se litigant. *See also Boyle v. Paddock*, No. 7:07-CV-0084, 2007 WL 781923, at *1 (N.D.N.Y. Mar. 13, 2007) (McAvoy, S.J.) (citing *Lee v. Supt. of N.Y.S. Div. of Parole*, No. 97-CV-0473, 1997 WL 538909 (N.D.N.Y. Aug. 26, 1997) (Pooler, D.J.)).

3

Plaintiff has not signed his amended complaint. *See* Am. Compl. at 3. Accordingly, the Court hereby directs plaintiff to file, within thirty (30) days from the filing date of this Decision and Order, the attached Certificate ("Rule 11 Certificate"), which must bear his original signature, and which states that he has read the amended complaint and the text of Fed. R. Civ. P. 11. The Rule 11 Certificate also states that by executing the document, plaintiff represents to the Court all of the representations delineated in Fed. R. Civ. P. 11(b) with respect to the amended complaint. Plaintiff is advised that, if he fails to timely submit the required Rule 11 Certificate, this action may be dismissed without prejudice for failure to comply with Rules 4(m), 11, and 41(b) of the Federal Rules of Civil Procedure.

Although the amended complaint lacks an original signature, in light of plaintiff's pro se status, and for the sake of efficiency, the Court will review it for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### C.  Review of the Amended Complaint

The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2022 Order and will not be restated in this Decision and Order. *See* July 2022 Order at 2-4.

Plaintiff's amended complaint is materially similar to the original complaint with respect to the allegations of wrongdoing that give rise to the Eighth Amendment claim that remains in this action, except that plaintiff has now identified Corrections Officer T. Colon as a defendant in place of Corrections Officer C. *See* Am. Compl.[4]

In light of the July 2022 Order, and mindful of the requirement to liberally construe pro

---

[4] The amended complaint does not include any allegations of wrongdoing by any officials other than Corrections Officer Colon. *See generally*, Am. Compl.

4

se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the amended complaint alleges enough to warrant a responsive pleading from the defendant named therein. Accordingly, the amended complaint is accepted for filing and replaces the original complaint in its entirety.[5] In so ruling, the Court expresses no opinion as to whether plaintiff's Section 1983 claim against defendant Colon can withstand a properly filed dispositive motion.

## III.   HARDSHIP LETTER

Roughly four months after this action was commenced, and almost two months after the issuance of the July 2022 Order, plaintiff filed a two-page letter identifying a host of "hardship[s]" he has "been enduring" at his current place of confinement. *See* Hardship Letter. It is unclear what relief, if any, plaintiff seeks from the Court based on this letter, which was not submitted as a proper motion, and does not seek any specific form of relief. To the extent plaintiff's submission seeks injunctive relief, his request is denied because he has failed to establish, with evidence, (1) a relationship between the wrongdoing in his letter and his claim that remains in this action, (2) that he will suffer irreparable harm in the absence of the relief that he seeks, and/or (3) that judicial relief in this action is appropriate against one or more non-parties. *See Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted); *Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction.");

---

[5] The Clerk is directed to add Corrections Officer Colon as a defendant.

*Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Plaintiff is advised that concerns regarding his current conditions of confinement should be addressed through administrative channels at Greene Correctional Facility and the DOCCS and, if necessary, by means of a proper court filing. To the extent plaintiff seeks some other form of relief, he is reminded that Local Rule 10.1(c) requires that submissions for filing meet certain requirements, including the name or nature of the papers. The Court may reject documents that do not comply with the requirements of Local Rule 10.1.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 14) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the Clerk shall add Corrections Officer T. Colon to the docket as a defendant; and it is further

**ORDERED** that the Clerk shall **TERMINATE** Corrections Officer C as a defendant in this case; and it is further

**ORDERED** that plaintiff's Eighth Amendment excessive force claim against defendant

Colon **SURVIVES** sua sponte review and requires a response; and it is further

**ORDERED** that plaintiff must, **within thirty (30) days** from the date of the filing of this Decision and Order, sign and return to the Clerk the Rule 11 Certificate included with this Decision and Order. The Clerk is directed to provide plaintiff with a copy of his amended complaint (Dkt. No. 14) for his review and certification; and it is further

**ORDERED** that if plaintiff fails to timely return the Rule 11 Certificate, this action may be dismissed **without prejudice** as set forth above; and it is further

**ORDERED** that if plaintiff timely returns the Rule 11 Certificate, the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service on defendant Colon.[6] The Clerk shall also forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to the amended complaint be filed by defendant Colon, or her counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff's Hardship Letter (Dkt. No. 11) is **DENIED** insofar as it seeks any form of judicial relief as set forth above; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the

---

[6] The Court previously granted plaintiff leave to proceed with this action *in forma pauperis*. *See* July 2022 Order.

Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the plaintiff, along with a copy of the Local Rules of Practice for this District.

**IT IS SO ORDERED.**

Dated: September 26, 2022
     Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge