UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON A. VEGA,

                               Plaintiff,                    9:22-cv-377
                                                                      (ECC/DJS)

v.

TRACEY COLON,

                               Defendant.

---

**Appearances:**

Jason A. Vega, *Pro Se Plaintiff*
Nicholas W. Dorando, Asst. Att'y Gen., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Jason Vega commenced this action pro se, asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at Greene Correctional Facility. Amended Complaint (AC), Dkt. No. 14. On July 29, 2024, Defendant filed a motion for summary judgment under Fed. R. Civ. P. 56(a) seeking to dismiss the Amended Complaint. Dkt. No. 57. Plaintiff did not file any opposition to the Defendant's motion, but filed a cross-motion for summary judgment. Dkt. No. 67. Defendant did not respond to the cross-motion. This matter was assigned to United States Magistrate Judge Daniel J. Stewart who, on December 4, 2024, issued a Report-Recommendation and Order recommending that Defendant's motion for summary judgment be denied, and Plaintiff's cross-motion for summary judgment be denied. Dkt. No. 69. Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file

written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. Dkt. No. 69 at 7-8. No objections have been filed.

Additionally pending before the Court are Plaintiff's letter requests to appoint counsel and for injunctive relief. Dkt. Nos. 72, 75, 76.

## II. MAGISTRATE JUDGE STEWART'S REPORT-RECOMMENDATION

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety. As Magistrate Judge Stewart reasoned, this case presents genuine issues of material fact that cannot be resolved on summary judgment. To the extent Defendant argues that use of force as alleged by Plaintiff was *de minimis* as a matter of law, the Court disagrees. Viewing the facts in the light most favorable to Plaintiff – that Defendant, unprovoked, delivered a single strike to Plaintiff's cheekbone where Defendant knew Plaintiff had previously undergone facial reconstruction surgery, with enough force to "spin [Plaintiff's] head" – the Court cannot say as a matter of law that the use of force was *de minimis*. *Cf. Virella v. Pozzi*, No. 05-cv-10460, 2006 WL 2707394, at *3 (S.D.N.Y. Sept. 20, 2006) (granting summary judgment where the "alleged assault" by the defendant, who allegedly swung his keys at the plaintiff "making 'a little contact' with [the plaintiff's] head, and causing a bump "represents only a *de minimis* use of force that does not give rise to a constitutional claim"); *Mascuzzio v. City of New York*, No. 13-cv-4772, 2015 WL 13856994, at *3 (E.D.N.Y. June 18, 2015) (granting summary judgment where "'no reasonable jury could believe' it was punishment for [the defendant] to grab plaintiff's forearm in order to

remove his watch for safekeeping, especially after he vociferously refused to hand it over," explaining that even though the officer "had a limited, even questionable need to obtain the gold watch, the amount of force she used was *de minimis*"). While "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden v. Mancuso*, 186 F.3d 252, 263 (2d. Cir. 1999) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)). Accordingly, the Court agrees with Magistrate Judge Stewart that there are factual questions as to the use of force in this case, and such questions preclude a finding that the force used was *de minimis*. Accordingly, the motion and cross-motion for summary judgment on Plaintiff's excessive force claim are denied.

### III. MOTION TO APPOINT COUNSEL

The Court has reviewed Plaintiff's most recent letter requests for the appointment of counsel. Dkt. Nos. 72, 75. Unlike criminal defendants, civil litigants do not have a constitutional right to counsel. *See Hickman v. City of New York*, No. 20-cv-4603, 2020 WL 6565079, at *2 (S.D.N.Y. Nov. 9, 2020) (citing *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981)). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "This means that it appears to the court 'from the face of the pleading,'" *Hickman*, 2020 WL 6565079, at *2 (citation omitted), that the plaintiff "appears

3

to have some chance of success . . . ." *Hodge*, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold, the Court considers:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." *Id*. at 61.

Here, Plaintiff's Eighth Amendment excessive force claim has survived summary judgment, and the *Hodge* factors weigh in favor of granting Plaintiff's motion. Accordingly, the Court will appoint *pro bono* trial counsel for Plaintiff.

## IV. REQUEST FOR INJUNCTIVE RELIEF

Plaintiff's most recent letter requests for injunctive relief seek court intervention to protect him from harm that he alleges to have suffered at various correctional facilities since the filing of the instant action. Dkt. Nos. 75, 76. "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal

quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Plaintiff's requests suffer from the same deficiencies as have been noted by the Court in Plaintiff's prior letters seeking injunctive relief. At the outset, Plaintiff's requests are not proper motions and do not comply with the Northern District of New York Local Rules.

Moreover, the alleged wrongdoing identified in Plaintiff's letters is asserted against non-party corrections officials, and bears no relationship to the only claim that remains in this action, which is based on an alleged use-of-force incident in December 2021. As noted in the previous Orders by the Court concerning Plaintiff's requests for injunctive relief, these issues present additional grounds for denial. *See* Dkt. Nos. 52 at 5; 24 at 5-6 (dismissing Plaintiff's letter request for these reasons, among others, and citing applicable case law).

Finally, Plaintiff is currently incarcerated at Mid-State Correctional Facility. *See* Dkt. Nos. 75, 76. He has failed to introduce any credible evidence that he is likely to continue suffering the

same alleged harm that is the subject of the majority of his requests for injunctive relief at his new facility.[1] *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

For all of these reasons, Plaintiff's letter requests for injunctive relief are denied.

## V. CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation, Dkt. No. 69, is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment, Dkt. No. 57, is **DENIED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment, Dkt. No. 67, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant Colon will proceed to trial; and it is further

**ORDERED** that Plaintiff's letter requests to appoint counsel, Dkt. Nos. 72, 75, are **GRANTED** to the extent pro bono counsel will be appointed to represent Plaintiff at trial, and it is further

---

[1] Plaintiff's requests for injunctive relief primarily stem from alleged harm that occurred in various facilities he was transferred to after the alleged assault giving rise to his Eighth Amendment claim, including Marcy Correctional Facility, Gouverneur Correctional Facility, and Mohawk Correctional Facility. Dkt. Nos. 75, 76.

**ORDERED** that Plaintiff's letter requests for injunctive relief, Dkt. Nos. 75, 76, are **DENIED;** and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: September 17, 2025

_____
Elizabeth C. Coombe
U.S. District Judge